## TUBMAN *v.* WASON MANUF'G CO.

*(Circuit Court, D. Massachusetts.* December 19, 1890.)

1. PATENTS FOR INVENTIONS—SUITS FOR INFRINGEMENT—PLEADING.
   In a suit for infringement of letters patent, complainant will not be allowed to file a supplemental bill, making other persons defendants, in which the principal allegation is a charge of conspiracy between the original defendant and such other persons, to maintain the defense, and which does not allege that such other persons have infringed the patent, where defendant excepts to its filing, and nothing has occurred since the filing of the original bill requiring a supplemental bill.

2. PRACTICE—EXHIBITS.
   The court will not compel defendant to file an ink-drawing of an exhibit which is on file in pencil, on complainant's motion.

In Equity.

*James H. Mandeville,* for complainant.

*Benjamin Price* and *Andrew McCallum,* for defendant.

COLT, J.    The complainant in this case moves for leave to file a supplemental bill. The original suit was brought by the complainant as the owner of letters patent No. 192,014, granted to George S. Roberts for certain improvements in the construction of railway cars. The bill charged infringement on the part of the defendant, the Wason Manufacturing Company, and contained the usual prayers for an injunction and account. By the proposed supplemental bill, the Boston & Albany Railroad Company, the Boston & Lowell Railroad Company, the Old Colony Railroad Company, and A. A. Folsom are made defendants, and the main allegation of the bill is a charge of conspiracy entered into between the original defendant, the Wason Manufacturing Company, and these other defendants, to maintain the defense of this suit. The bill further alleges that these defendants are members of an association comprising over one hundred railroads, and called the "Eastern Railroad Association," and that the Wason Manufacturing Company handed over to this association the defense and maintenance of this suit. The bill then sets out certain facts in support of the alleged conspiracy between these defendants. The bill prays that an injunction may issue against the Wason Manufacturing Company, restraining it from conspiring with the other defendants, and that it be ordered to take upon itself the defense of this suit; also, that these other defendants may be restrained from intermeddling in or maintaining the defense of this suit; also, that the Wason Manufacturing Company, or the other conspirators, be compelled to pay over to the complainant, by way of damages, all the expenses thus far incurred in the prosecution of this suit.

The allowance of this supplemental bill is not assented to by the defendant, but is excepted to on several grounds, viz.:

(1) By the proposed supplemental bill an entirely new and distinct issue is sought to be raised.    (2) Because the suit is not defective, and nothing has occurred since the filing of the original bill which calls for or requires the filing of a supplemental bill.    (3) Because the bill complainant proposes to file is not a supplemental bill or continuation of the original suit, and would in

no way affect the decree originally prayed for. (4) Because the new defendants mentioned in said alleged supplemental bill are not thereby made parties, to the original suit. (5) Because it is nowhere alleged in said supplemental bill that the parties made defendants thereto have infringed the letters patent granted to Roberts, as set forth in the original bill. (6) Because the decree prayed for by the original bill would not affect the new parties mentioned in said supplemental bill. (7) Because by said alleged supplemental bill the defendants thereto are charged with the crime of conspiracy, the remedy for which is by indictment or information laid by the attorney of the commonwealth, or other public officer, and not by a bill or suit in equity. (8) Because the statutory remedy provided by congress for infringement of letters patent is specific as to what may be charged, and there is no clause in the statute looking to conspiracies. · (9) Because said alleged supplemental bill is scandalous and impertinent.

I am of opinion that these exceptions, taken as a whole, are unanswered by anything brought forward in complainant's brief, and that, by the rules of equity practice governing bills of this character, it is clear that the filing of this supplemental bill should not be allowed.

The complainant also moves that the court order the defendant to file an ink-drawing of an exhibit known as "Sketch of the Roebling Patent." The exhibit on file is in pencil. I do not think it would be proper for the court to make such an order. The counsel for defendant has charge of the putting in of proofs on his side of the case, and he may, at defendant's risk, offer an exhibit in one form or another. If it should turn out that the lines in lead-pencil on this exhibit became indistinct or obliterated, it would seem to be a loss to the defendant, rather than to the complainant. Motions denied.